Territorial Law Library

FILED
R COURT

2013 APR -2 PM 2: 22

CLERK OF COURT

Y.

## IN THE SUPERIOR COURT OF GUAM

NSK INC. dba BENII RESTAURANT, )
                              )
             Plaintiff, )
                              )
            v.              )
                              )
NINA KYONG A. LEE aka NINA )
KYONG AH LEE and NINA LEE, )
                              )
             Defendant. )
                              )
                              )
                              )

CASE NO. CV1182-08

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on November 5, 2012 on Plaintiff's Motion to Dismiss Defendant's counterclaim. Attorney Vanessa Ji represented Plaintiff, NSK Inc. dba Benii Restaurant. Attorney Douglas Moylan represented Defendant Nina Kyong A. Lee. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff NSK Inc. dba Benii Restaurant (hereinafter, "Benii") filed suit against Defendant Nina Kyong A. Lee ("Lee") on October 7, 2008. Benii alleged that as a founding director of the founding corporation and its Vice-President and Treasurer, Defendant Lee breached her fiduciary duties. Lee filed her Answer on

October 28, 2008. Lee's Answer included a counterclaim for breach of contract and failure to pay wages.

On August 1, 2012, this Court granted Benii's motion to enlarge time for conducting discovery based on Guam R. Civ. P. 6(b) after a finding of excusable neglect where two trial dates were vacated due to the conduct of Benii's former attorney. On August 3, 2012, Benii filed its motion to dismiss pursuant Guam R. Civ. P. 41(b) due to Lee's failure to prosecute her counterclaims.

It is Benii's contention that Lee did nothing to further prosecution of her counterclaims where there were no pleadings in the forty (40) months between the filing of her Answer and her Opposition to the Motion to Enlarge on March 12, 2012. Lee argues she has been prepared to move forward with her case at all stages and delays were attributable to Benii. Additionally, she disputes the allegation that forty months of inactivity have elapsed in that initial disclosures were made on January 25, 2010.

## DISCUSSION

Plaintiff/Counterclaim Defendant Benii asserts that Defendant/Counterclaim Plaintiff Lee has not taken any substantive action to move this case forward since she filed her Answer in 2008 and therefore moves for dismissal for failure to prosecute under Rule 41(b) of the Guam Rules of Civil Procedure. Rule 41(b) allows for dismissal where a plaintiff fails to prosecute an action or fails to comply with a court order or Guam's rules of procedure. The provisions of Rule 41 apply to the dismissal of any counterclaim, cross-claim, or third-party claim. Guam R. Civ. P. 41(c).

In determining whether to grant a motion to dismiss for failure to prosecute under Rule 41(b), this Court applies the five-factor test adopted by the Guam Supreme Court in Santos v. Carney, 1997 Guam 4. The Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. ¶ 5 (quoting In re Eisen 31 F.3d 1447, 1451 (9th Cir. 1994)).

"Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal. Park v. Kawashima, 2010 Guam 10 ¶ 10.

A. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

"The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was an unreasonable delay." Santos v. Carney (citing In re Eisen, 31 F.3d at 1452). As of the time of hearing, Lee's last activity before the Court prior to opposing the motion to enlarge was her Answer. However, Lee served her initial disclosures in January of 2010. This Court proceeds in calculating a period of twenty-two (22) months of inactivity at the date of hearing.

As both parties have acknowledged in their briefs in this matter, the Court has a strong interest in an expeditious resolution and managing its docket. It has been approximately four years since Lee filed her counterclaims against Benii and nearly two years since she filed her initial disclosures.

Lee argues these factors would not support dismissal because the periods of inactivity in this case were not caused by her. (Lee October 22, 2012 Opposition pp. 3-4). This Court disagrees. While it is true Benii has had their claims excusably delayed in this matter due to the neglectful conduct of its previous attorney, Lee's duty to prosecute her own counterclaims against Benii remains unaffected. The Court finds that these two factors strongly support dismissal.

B. Risk of Prejudice to Defendant

The Plaintiff, Lee as counterclaim plaintiff, "bears the burden of showing that the delay is reasonable and that the defendant is not prejudiced by the delay." Santos, 1997 Guam 4 ¶ 5. "Once a delay is determined to be unreasonable, prejudice . . . is presumed." Id. ¶ 8.

Here, Lee's only offer as to why the delay is reasonable is that she has stood ready to proceed in her defense and delays in prosecuting the claims in the Complaint are attributable to Benii. However, this does not address Lee's lack of progress on her counterclaims against Benii. Additionally, Lee does nothing to

show that Benii is not prejudiced by the delay. Therefore, this Court finds that this third factor supports dismissal.

C. Public Policy Favoring Disposition of Cases on their Merits

"Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" Park v. Kawashima, 2010 Guam 10 ¶ 22 (quoting In re Estate of Concepcion v. Siguenza, 2003 Guam 12 ¶ 23.). Generally "[i]t is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" Santos, 1997 Guam 4 ¶ 9 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976)).

Here, there has been a lull in activity for approximately twenty-two (22) months as of date of hearing. Before her initial disclosures in January of 2010, Lee's inactivity in bringing forth her counterclaim lasted approximately fourteen (14) months. When weighed against the expeditions resolution of litigation and the court's need to manage its docket, the factor favoring disposition of cases on their merits weighs in favor of dismissal.

D. Availability of Less Drastic Sanctions

The Guam Supreme Court has found that a warning or lesser sanction is not necessary prior to dismissal on a Rule 41(b) motion. See Santos v. Carney, 1997 Guam 4 ¶ 10. "The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." Id. Here, Lee offers no reasons as to why a less drastic sanction should be carried out. Nor does she offer a reasonable alternative sanction. This Court finds that this factor supports dismissal.

## CONCLUSION

The Court finds that all five Santos factors weigh in favor of dismissal, including two factors strongly supporting dismissal. Plaintiff/Counterclaim Defendant Benii's Motion for Dismissal pursuant to Rule 41(b) of the Guam Rules of Civil Procedure is hereby **GRANTED**.

It is **SO ORDERED** this 2nd day of April, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 0 2 2013

Esther L. R. Pinaula
Deputy Clerk, Superior Court of Guam

-5-